# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT SCHUTZA,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>ALCOTT ESTATES, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 18-CV-2188 W (BLM)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS [DOC. 19]** |

　　　Pending before the Court is Defendants' motion to dismiss. [Doc. 19.] The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d)(1). For the reasons stated below, the Court **DENIES** Defendants' motion.

//
//
//
//
//
//
//

1

## I. BACKGROUND

Plaintiff Scott Schutza alleges the following facts in the First Amended Complaint ("FAC"). (*FAC* [Doc. 11].)

Schutza is a paraplegic who cannot walk and who uses a wheelchair for mobility. (*FAC* [Doc. 11] ¶ 1.) In September 2018, Schutza visited Defendants' real property located at or about 9643 Mission Gorge Rd., Santee, California.[1] (*Id.* [Doc. 11] ¶¶ 2–5.) The property in question is a Vons grocery store, a place of public accommodation. (*See id.* [Doc. 11] ¶11.) During Schutza's visit to Vons, he allegedly encountered "parking stalls and access aisles marked and reserved for persons with disabilities [that] were not level with each other." (*Id.* [Doc. 11] ¶ 13.) According to the FAC, "[t]he parking stalls and access aisles had cross slopes and running slopes greater than 2.1%."[2] (*Id.*) Due to these barriers, Schutza was denied full and equal access to the facility. (*Id.* [Doc. 11] ¶ 15.)

Schutza filed suit on September 21, 2018 alleging a single violation of both the Americans with Disabilities Act ("ADA"), 43 U.S.C. § 12101 *et seq.*, and the Unruh Civil Rights Act, Cal. Civil Code § 51.[3] (*Compl.* [Doc 1].) Schutza seeks injunctive relief for his ADA claim, actual and statutory damages for his Unruh Act claim, and attorneys' fees and costs pursuant to 42 U.S.C. § 12205 and Cal. Civ. Code § 52. (*Id.* [Doc. 11] 7–8.)

Defendants now move to dismiss. (*Defs.' Mot.* [Doc. 19].) Plaintiff opposes. (*Pl.'s Opp'n* [Doc. 20].) For the reasons that follow, the motion will be denied.

---

[1] The FAC alleges both Defendants Alcott Estates and PVCC, Inc. own the property in question. (*FAC* [Doc. 11] ¶¶ 2–5.)

[2] Schutza also references "paths of travel" as other barriers on Defendants' real property that wheelchair users could encounter, although he did not personally encounter them. (*FAC* [Doc. 11] ¶¶ 16–17.)

[3] Schutza alleges that he intends to amend the scope of his lawsuit to include other barriers related to his disability. (*Id.* [Doc. 11] ¶ 24.)

2

## II. LEGAL STANDARD

The Court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Balisteri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). In ruling on the motion, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." Vasquez v. L.A. Cnty., 487 F.3d 1246, 1249 (9th Cir. 2007).

Complaints must contain "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to mean that "[f]actual allegations must be enough to rise above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007). The allegations in the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570).

Well-pled allegations in the complaint are assumed true, but a court is not required to accept legal conclusions couched as facts, unwarranted deductions, or unreasonable inferences. Papasan v. Allain, 478 U.S. 265, 286 (1986); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

//
//
//
//
//
//
//

## III. DISCUSSION

### A. Motion to Dismiss Plaintiff's ADA Cause of Action

Title III of the ADA prohibits discrimination against persons with disabilities in places of public accommodation:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). To prevail in asserting a Title III ADA discrimination claim, a plaintiff must show: "(1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc., 603 F.3d 666, 670 (9th Cir. 2010) (citing Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007)). A barrier only amounts to interference with access to a place of public accommodation "if it affects the plaintiff's full and equal enjoyment of the facility on account of his particular disability." Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 947 (9th Cir. 2011). "Because the ADAAG establishes the technical standards required for 'full and equal enjoyment,' if a barrier violating these standards relates to a plaintiff's disability, it will impair the plaintiff's full and equal access, which constitutes 'discrimination' under the ADA." Id.

//
//
//
//
//
//
//

The FAC alleges:

> 12. Parking spaces are one of the facilities, privileges, and advantages offered by defendants to patrons of Vons.
>
> 13. Unfortunately, even though there were parking spaces marked and reserved for persons with disabilities located in front of Vons during Plaintiff's visit, the parking stalls and access aisles were not level with each other. The parking stalls and access aisles had cross slopes and running slopes greater than 2.1%.
>
> 14. Plaintiff personally encountered these barriers.
>
> 15. This inaccessible facility denied the plaintiff full and equal access and caused him difficulty, discomfort, and embarrassment.

(*FAC* [Doc. 11] ¶¶ 12–15.) It alleges that the parking spaces and access aisles violated the applicable ADAAG standards.[4] (*Id.* [Doc. 11] ¶¶ 26–32.)

Defendants contend these assertions are conclusory and thus fail to plausibly allege they denied Schutza public accommodation based on his disability.[5] (*Defs.' Mot.* [Doc. 19-1] 3–5.) This contention lacks merit. Accepting all material allegations of fact as true and construing the complaint in a light most favorable to the non-moving party, the FAC alleges that Defendants denied Plaintiff full and equal access to the Vons store. See Arizona ex rel. Goddard, 603 F.3d at 670; Chapman, 631 F.3d at 947.

//
//

---

[4] According to the FAC, the ADAAG provides, *inter alia*, that parking spaces and access aisles cannot exceed a 1:48 (2%) slope in all directions, and that "[a]ccess aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted." (*FAC* [Doc. 11] ¶ 27.) 1991 ADAAG § 4.6.3; 2010 ADAAG § 502.4. Defendants offer no argument to the contrary.

[5] Defendants suggests that the slopes of the parking spaces and access aisles are insignificant and necessary for proper drainage. (*Defs.' Mot.* [Doc. 19-1] 4.) These are factual questions, not appropriate for resolution in a 12(b)(6) motion to dismiss.

**B.   Motion to Dismiss Plaintiff's Unruh Act Cause of Action**

Alternatively, Defendants argue that the Court should decline supplemental jurisdiction over Schutza's state-law claim because: (1) the state-law claim substantially predominates the federal claim; and (2) exceptional circumstances support declining supplemental jurisdiction.  (*Defs.' Mot.* [Doc. 19-1] 5–10.)

Where a district court has original jurisdiction over a claim, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action … that they form part of the same case or controversy…."  28 U.S.C. § 1367(a). However, the Court may decline to exercise supplemental jurisdiction in four instances:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court as original jurisdiction
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the . . . values of 'of economy, convenience, fairness, and comity.' " Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997).

Defendants maintain the state-law claim substantially predominates over the federal claim because the Unruh Act permits Schutza to recover both monetary damages and injunctive relief, whereas the ADA only entitles Plaintiff to injunctive relief.  (*Defs.' Mot.* [Doc. 19-1]   This is without merit.  The mere availability of monetary damages does not compel the conclusion that the state claim substantially predominates over the federal claim.  See, e.g., Schoors v. Seaport Village Operating Company, LLC, No. 16-CV-3089 AJB (BGS), 2017 WL 1807954, at *4 (S.D. Cal. 2017) (Battaglia, J.); Johnson v. Mariani, 2017 WL 2929453, at *3 (N.D. Cal. 2017); Moore v. Dollar Tree Stores Inc., 85 F. Supp. 3d 1176, 1194 (E.D. Cal. 2015);  Kohler v. Rednap, Inc., 794 F. Supp. 2d 1091, 1096 (C.D. Cal. 2011).

Exceptional circumstances are not present here. Defendants contend Schutza's decision to file in federal court circumvents California procedure and amounts to impermissible "forum-shopping."[6] (*Defs.' Mot.* [Doc. 19] 9.) Defendants are incorrect. As the master of his complaint, Plaintiff may choose among appropriate forums. See Standard Fire Ins. Co. v. Knowles, 568 U.S. 588, 595 (2013); Chavez v. Suzuki, No. 05-CV-1569 BTM (BLM), 2005 WL 3477848 at *2 (S.D. Cal. Nov. 30, 2005) (Moskowitz, J.) ("There is nothing wrong with [p]laintiff choosing to file suit in federal court because he believes it is more favorable to him.").

"[V]alues of economy, convenience, fairness, and comity" always inform the Court's decision whether to decline to exercise supplemental jurisdiction, even in the presence of one of the factors articulated in 28 U.S.C. § 1367(c). Acri, 114 F.3d at 1001. "Forc[ing] plaintiff to pursue his UCRA claim in state court would result in duplicative trials, constituting an unnecessary expenditure of plaintiff's, defendant's, and the two courts' resources." Delgado v. Orchard Supply Hardware Corp., 826 F. Supp. 2d 1208, 1221 (E.D. Cal. 2011). Additionally, the scope of the Unruh Act weighs in favor of exercising supplemental jurisdiction—a violation of an individual's rights under the ADA "shall constitute a violation of [the Unruh Act]." Cal. Civ. Code § 51(f).

Practical considerations further support this conclusion. Remand on these grounds would "effectively preclude a district court from ever asserting supplemental jurisdiction over a state law claim under the Unruh Act." See Delgado, 826 F. Supp. 2d at 1221.

//
//
//

---

[6] Defendants contend that Plaintiff is impermissibly "forum-shopping" by avoiding a higher filing fee and different pleading requirements in state court. (*Defs.' Mot.* [Doc. 19-1] 8–10.) This is far removed from choosing one forum over another so as to apply a preferred set of substantive law, which was the genesis of that term. See, e.g., Hanna v. Plumer, 380 U.S. 460, 467–68 (1965); Erie R. Co. v. Tompkins, 304 U.S. 64, 74–75 (1938).

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court **DENIES** Defendants' motion to dismiss. [Doc. 19.]

**IT IS SO ORDERED**.

Dated: July 10, 2019

Hon. Thomas J. Whelan
United States District Judge